The PEOPLE of the State of Colorado, Complainant,

v.

Jerome S. MALMAN, Attorney–Respondent.

No. 89SA177.

Supreme Court of Colorado, En Banc.

Sept. 18, 1989.

Linda Donnelly, Disciplinary Prosecutor, and George S. Meyer, Chief Deputy Disciplinary Prosecutor, Denver, for complainant.

Bender & Treece, P.C., Michael L. Bender, Denver, for atty.-respondent.

Justice VOLLACK delivered the Opinion of the Court.

Jerome S. Malman, in this disciplinary proceeding you and the disciplinary prosecutor entered into a Stipulation, Agreement, and Conditional Admission of Misconduct. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended to this court that you be publicly censured. The panel also recommended that the costs of these proceedings be assessed against you. We agree with these recommendations, impose a public censure, and order that you be assessed the costs of these proceedings.

## I.

Jerome S. Malman, you were admitted to the bar of the Supreme Court of the State of Colorado in 1973 and are registered upon the official records of this court, registration number 2795. You are therefore subject to the jurisdiction of this court and its Grievance Committee in these disciplinary proceedings.

The following facts are established by the stipulation. The complaining witnesses, the Guynns, were injured in an automobile accident in 1981 and a dispute arose over their insurance company's denial of reimbursement. The Guynns hired you to file suit against the insurance company and then moved to Oregon, and later to the state of Washington.

The Guynns' suit was set for trial on Monday, October 1, 1984, and was scheduled second on the docket behind a criminal trial. On the Friday before the trial date you telephoned the clerk of the district court and were told that the Guynns' case was scheduled for trial, but the clerk thought that the criminal case scheduled before your case would proceed to trial on Monday. The district attorney's office gave you the same information.

On the morning of October 1, the Guynns were at their home in Washington waiting for instructions from you. The district court called the Guynns' case and, when you did not appear, asked opposing counsel to attempt to locate you. You could not be found at the office and the office did not know where you were. When the case was recalled and your whereabouts were still unknown, the district court dismissed the action with prejudice.

In the meantime, you attempted to call the court at 8:00 A.M. but received no answer. Your office was unable to reach the court until after 9:00 A.M., after the case had been called. By this time only the court's answering machine could be reached.

You filed a motion to set aside the dismissal and it was denied. The court of appeals affirmed the dismissal, noting that the case had not been vacated and no continuance had been requested.

You stipulated that this conduct violated DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 6–101(A)(2) (handling a legal matter without adequate preparation), DR 6–101(A)(3) (neglect of a legal matter entrusted to you), and DR 7–101(A)(3) (causing prejudice or damage to your client), as well as C.R.C.P. 241.6 including C.R.C.P. 241.6(6) (violation of a disciplinary rule or order). The damage, if any, suffered by your clients has not been determined.

## II.

Standard 4.43 of the ABA Standards for Imposing Lawyer Sanctions provides: "Reprimand [in the form of a public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." The stipulation notes your prior

disciplinary record,[1] but also acknowledges in mitigation that you did not demonstrate any dishonest or selfish motive in this matter and that none of your previous disciplinary actions were for similar conduct.

Based on this, the stipulation provides that you agree to the disciplinary prosecutor's recommendation of a public censure as the discipline in this matter. The inquiry panel unanimously approved the recommendation. We accept this recommendation and publicly censure you for your conduct in this matter. We also order that you pay the costs of these proceedings in the amount of $303.77 to the Supreme Court Grievance Committee, 600—17th Street, Suite 500S, Denver, Colorado 80202, within thirty days.

---

1. You received a letter of admonition in 1975, a private censure in 1979, two letters of admoni- tion in 1984, and a letter of admonition in 1987.